**Peck v. Williams**

*P. Richard Wagner,* and *Scott B. Granger,* for plaintiff.
*Dennis J. Bonetti, Stephen F. Moore,* and *William J. Peters,* for defendant Roger Williams.

REHKAMP, *J.,* September 23, 1993—Plaintiff, Scott A. Peck has brought suit against Roger Williams for injuries plaintiff sustained while a passenger in a vehicle, a 1972 Cadillac, driven by David Heckert. Plaintiff claims Mr. Williams is liable for these injuries because Mr. Williams had title to the vehicle driven by Heckert, and Mr. Williams was careless, negligent and reckless in permitting Mr. Heckert to drive this automobile. At the time of the accident, Mr. Heckert did not have a valid driver's license.

Defendant Williams moves this court for summary judgment. He contends that approximately 10 days prior to the accident, he transferred ownership, control, and possession of the Cadillac to Mr. Heckert, with the alleged belief that Mr. Heckert would be using the car for parts. There is sufficient undisputed testimony which concludes that approximately 10 days prior to the accident, the Cadillac was in substantial disrepair and was removed from the premises of Mr. Williams by Mr. Heckert. Plaintiff also admits that on the date of the accident, Mr. Heckert represented the vehicle to be his own.

In Pennsylvania, the elements used to determine the actual owner of a vehicle include who has use, benefit, possession, control, responsibility for, and disposition of the automobile. *Wasiliko v. Home Mutual Casualty Co.,* 210 Pa. Super. 322, 326, 232 A.2d 60, 62 (1967). The only element here alleged by the plaintiff to be attached to defendant Williams is the responsibility for

the auto. Plaintiff's support for finding defendant still the owner of the automobile is that following the investigation surrounding the accident, it was determined that Mr. Williams had failed to properly transfer the vehicle's title document in accordance with 75 Pa.C.S. §1111. This section provides in pertinent part:

"(a) Duty of transferor. In the event of the sale or transfer of the ownership of a vehicle within this Commonwealth, the owner shall execute an assignment and warranty of title to the transferee in the space provided on the certificate or as the department prescribes, sworn to before a notary public or other officer empowered to administer oaths, and deliver this certificate to the transferee at the time of the delivery of the vehicle."

Furthermore, plaintiff contends that there was not enough evidence proffered by Mr. Williams to support a conclusion as a matter of law that a "sale" and a "transfer of ownership" took place. Plaintiff supports this by reasoning that in order to show a transfer of ownership, defendant must show all of the elements of a contract were satisfied. He argues that because there is no evidence that consideration was paid in full, or whether there was a right to repossession retained by defendant Williams, there is not support for concluding a transfer of ownership.

In a recent case, the federal courts analyzed pertinent Pennsylvania law in deciding a suit brought by a passenger injured while riding in a car. *Aetna Casualty & Surety, Co. v. Duncan,* 972 F.2d 523 (3d Cir. 1992). In this case, a car dealer failed to ascertain the existence of its insurance coverage as required by state law and provided false information on the vehicle registration form in violation of state law. The driver and new "owner" of the car was involved in the accident 30 minutes after driving off the sales lot. *Id.* at 525. The

court found that despite the fact that the contract was "void ab initio" and that the statutorily required paperwork was improper, the driver of the vehicle was the owner and the seller was not liable. It determined the elements of ownership in *Wasiliko* to be the relevant criteria. *Id.* at 526. "A person may be an 'owner' of a vehicle in Pennsylvania without possessing all the incidents of ownership. Further, it is clear that under the Pennsylvania scheme, a state issued 'certificate' of title in [sic] no way controlling on the question of ownership, and is merely evidence of it." *Id.* at 526.

In *Semple v. State Farm Mutual Auto Insurance Co.,* 215 F. Supp. 645 (E.D. Pa. 1963), a similar dispute arose when the original owner of a vehicle sold it without having the required notarized signature on the title. The buyer subsequently injured a pedestrian with the vehicle. *Id.* at 646. The court noted that despite the improper transfer of the certificate of title, the ownership of the car had been transferred and by parting with the vehicle, the seller "divested himself with the power to determine who had permission to drive it." *Id.* at 646, 647. The evidence presented by Mr. Williams is sufficient to show he transferred the ownership of the Cadillac. The benefits of the vehicle, possession and control were clearly given to Mr. Heckert several days prior to the accident, as supported by the affidavits of Max Gibney, Jr. and Beth Weigle, neighbors of Mr. Williams, and the admitted representations Mr. Heckert made to the plaintiff.

The absence of evidence of all elements of a completed "sale" does not mean a transfer of ownership did not occur. Pa.C.S. §1111(a) even recognizes ownership can change by means of a sale *or* transfer. This action is not an action on a contract. Summary judgment here is properly awarded Mr. Williams because he no longer

owned the vehicle driven by Mr. Heckert at the time of the accident.

## ORDER

And now, August 23, 1993, it is hereby ordered and decreed that defendant, Robert Williams' motion for summary judgment is hereby granted. It is further ordered that judgment be entered in favor of defendant, Roger Williams.